IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUAN ANTHONY VENCES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-29-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a state prison disciplinary ruling pursuant to which he lost 45 previously earned good-time days. [ECF 3]. In order to challenge the constitutionality of a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As petitioner cannot meet both prerequisites, his federal habeas corpus application must be denied.

In his form habeas application, petitioner advises that on July 28, 2008, he was convicted in Travis and Williamson counties, and received a "15 year Agg." sentence. Petitioner does not identify the crimes of which he was convicted in the space provided on the form for such information. [ECF 3 at 2]. Review of the online Offender Information Detail maintained by respondent, however, confirms that on November 29, 2010, petitioner was convicted in Williamson County, Texas of the first degree felony offense of

aggravated robbery and sentenced to 15 years imprisonment. *State v. Vences*, No. 08-1133-K277.[1] The mandatory supervision eligibility statute in effect when petitioner committed his aggravated robbery offense on May 12, 2008 stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a first degree felony under Section 29.03[of the Texas] Penal Code [Aggravated Robbery]." Texas Gov't Code § 508.149(a)(12) (2008).[2]

In response to Question 15 of his form habeas application, petitioner also acknowledges that for his original conviction, there was a judicial finding that he used or exhibited a deadly weapon during the commission of his original offense. [ECF 3 at 5]. The mandatory supervision eligibility statute in effect when petitioner committed his aggravated robbery offense stated "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . an offense for which the judgment contains an affirmative [deadly weapon] finding." Tex. Gov't Code § 508.149(a)(1) (2008). In response to Question 16 of his form habeas application, petitioner concedes he is not eligible for release to mandatory supervision. [ECF 3 at 5].

As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application must be DENIED.

---

[1] The Detail also reflects that on December 17, 2010, petitioner was convicted in Travis County, Texas of two (2) offenses of second degree robbery and sentenced to 15 years imprisonment for each offense. *State v. Vences*, Nos. D-1-DC-08-301680, D-1-DC-08-302144.

[2] Petitioner's current service of the 15-year sentences for his second degree robbery convictions also render petitioner ineligible for release to mandatory supervision. Tex. Gov't Code § 508.149(a)(11) (2008).

RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JUAN ANTHONY VENCES be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 12, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).